UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENE DEWAYNE MANUEL,

                Petitioner,

   v.

JASON BENNETT,

                Respondent.

Case No. C24-5529-JLR-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Rene DeWayne Manuel is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Mason County Superior Court case number 08-1-00563-1. (*See* dkt. # 5.) He has filed a petition for writ of habeas corpus seeking relief from that judgment and sentence. (*Id.*) Though Petitioner presented his petition as one filed under 28 U.S.C. § 2241, the Court has construed the petition as one filed under 28 U.S.C. § 2254. (*See* dkt. # 6 at 2 (citing *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ("[Section] 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]")).) The

petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed.

## II.    DISCUSSION

The Court received Petitioner's federal habeas petition for filing on July 2, 2024. (*See* dkt. # 1.) Petitioner asserted therein that his current custody is unlawful because the statute under which he was sentenced is unconstitutional. (*See* dkt. ## 5, 5-1.) More specifically, Petitioner claimed that he had received an indeterminate life sentence in accordance with the provisions of RCW 9.94A.712, which authorized "a board" to increase his mandatory minimum term of confinement, and that this constituted a violation of his Sixth Amendment right to a jury trial.[1] (*See id.*)

After reviewing the petition, this Court determined that the single claim asserted by Petitioner was not eligible for federal habeas review. Thus, on July 25, 2024, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed for failure to exhaust state court remedies. (Dkt. # 6.) The Court explained therein that in order to obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. (*See id.* (citing 28 U.S.C. § 2254(b)-(c)).) The Court further explained that Petitioner made clear in his petition he had not presented the claim raised therein to any state appellate court for review, and that the claim was therefore unexhausted. (*Id.*)

Petitioner was directed to file a response to the Order to Show Cause within thirty days and was advised that his failure to timely respond would result in a recommendation that this action be dismissed. To date, Petitioner has filed no response to the Court's Order. Because Petitioner makes no showing that he presented his proposed ground for federal habeas relief to

---

[1] RCW 9.94A.712 was recodified as 9.94A.507 by Laws 2008, Ch. 231, § 56, effective August 1, 2009.

REPORT AND RECOMMENDATION
PAGE - 2

the state courts for review, his claim is unexhausted and ineligible for federal habeas review at this time.

### III. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 5) and this action be DISMISSED without prejudice.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 22, 2024**.

DATED this 1st day of October, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge