UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENE DEWAYNE MANUEL, | CASE NO. C24-5529JLR |
| Petitioner, | ORDER |
| v. | |
| JASON BENNETT, | |
| Respondent. | |

## I.    INTRODUCTION

Before the court are *pro se* Petitioner Rene Dewayne Manuel's second through eighth motions for relief from judgment.  (Motions (Dkt. ## 29, 31-36).)  Because Respondent Jason Bennett has not been served with Mr. Manuel's petition and has not appeared in this case, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide the motions before the noting date.  *See* Fed. R. Civ. P. 1 (directing courts to administer the civil rules "to secure the just, speedy, and inexpensive determination of every action and proceeding").  The court has considered Mr. Manuel's

1   motions, the relevant portions of the record, and the governing law. Being fully advised,

2   the court DENIES Mr. Manuel's second through eighth motions for relief from judgment.

3                    **II.     BACKGROUND AND ANALYSIS**[1]

4       On October 24, 2024, the court adopted in its entirety United States Magistrate

5   Judge Michelle L. Peterson's report and recommendation regarding Mr. Manuel's

6   petition for writ of habeas corpus, dismissed Mr. Manuel's petition for failure to exhaust

7   his state court remedies, and entered judgment. (10/24/24 Order (Dkt. # 18); Judgment

8   (Dkt. # 19); R&R (Dkt. # 16); Petition (Dkt. # 5).) Mr. Manuel did not file objections to

9   the report and recommendation. (*See generally* Dkt.)

10      On October 30, 2024, Mr. Manuel filed his first motion for relief from judgment

11   and a notice of appeal of the court's October 24 order. (1st MFR (Dkt. # 20); 1st NOA

12   (Dkt. # 21).) The court denied the motion for relief from judgment on November 12,

13   2024, and Mr. Manuel appealed that order on November 19, 2024. (11/12/24 Order (Dkt.

14   # 25); *see* 2d NOA (Dkt. # 26); 3d NOA (Dkt. # 27).) Mr. Manuel filed his second

15   motion for relief from judgment on November 27, 2024, and his third through eighth

16   motions for relief from judgment on December 5, 2024. (*See generally* Motions.) In all

17   seven motions, Mr. Manuel argues that he is entitled to relief because the judgment is

18   void under Federal Rule of Civil Procedure 60(b)(4). (*See id.*)

19

20

21

22

---

[1] Magistrate Judge Peterson set forth the factual background of this case in the report and recommendation. (*See* R&R (Dkt. # 16) at 2; *see also* 10/24/24 Order (Dkt. # 18) (adopting the R&R).) Therefore, the court does not repeat that background here.

1    Because Mr. Manuel filed his second through eighth motions for relief from

2    judgment after he filed a notice of appeal of that judgment, the court lacks jurisdiction to

3    consider them.  "The filing of a notice of appeal is an event of jurisdictional

4    significance—it confers jurisdiction on the court of appeals and divests the district court

5    of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*

6    *Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Thus, district courts are stripped of their

7    jurisdiction to consider Rule 60(b) motions filed while a matter is on appeal.  *Katzir's*

8    *Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004); *see also*

9    *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (vacating district court's order

10   on petitioner's Rule 60(b) motion because "[o]nce [he] filed his notice of appeal of the

11   district court's judgment denying his habeas corpus petition, the district court lost

12   jurisdiction over the petition").  Accordingly, the court denies Mr. Manuel's second

13   through eighth motions for relief of judgment for lack of jurisdiction.

14   Even if the court had jurisdiction over the motions, it would deny them.  Rule

15   60(b) "allows a party to seek relief from a final judgment, and request reopening of his

16   case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528

17   (2005).  Rule 60(b)(4) provides relief from a final judgment if that judgment is void as a

18   matter of law.  Fed. R. Civ. P. 60(b)(4).  "The list of such judgments is 'exceedingly

19   short,' and 'Rule 60(b)(4) applies only in the rare instance where a judgment is premised

20   either on a certain type of jurisdictional error or on a violation of due process that

21   deprives a party of notice or the opportunity to be heard.'" *Dietz v. Bouldin*, 794 F.3d

22   1093, 1096 (9th Cir. 2015) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S.

260, 271 (2010)), *aff'd*, 579 U.S. 40 (2016)).  Here, Mr. Manuel's motions do not address the substance or reasoning of the report and recommendation or the standard for granting relief from judgment.  Further, Mr. Manuel fails to show that the judgment is void because this court lacked subject matter jurisdiction, lacked jurisdiction over the parties, or acted in a matter inconsistent with due process that deprived a party of notice or the opportunity to be heard.  *Espinosa*, 559 U.S. at 270-71.  Accordingly, Mr. Manuel is not entitled to relief under Rule 60(b).

The court also denies Mr. Manuel's requests for a certificate of appealability.  (*See* Motions.)  Mr. Manuel has not demonstrated that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015) (applying standard to denial of a Rule 60(b) motion).  Mr. Manuel therefore is not entitled to a certificate of appealability.

### III.    CONCLUSION

For the foregoing reasons, the court DENIES Mr. Manuel's second through eighth motions for relief from judgment (Dkt. ## 29, 31-36) and DENIES his requests for

//

//

//

//

//

1   certificates of appealability.  The Clerk is DIRECTED not to calendar any further

2   motions for relief from judgment in this closed case.

3        Dated this 12th day of December, 2024.

JAMES L. ROBART
United States District Judge